IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs February 12, 2014

**SELWYN FORBES GEORGE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2009-D-3272      Steve Dozier, Judge**

_____

**No. M2013-1320-CCA-R3-PC - Filed May 9, 2014**

_____

Petitioner, Selwyn Forbes George, was indicted by the Davidson County Grand Jury for one count of possession with intent to sell or deliver .5 grams or more of cocaine in a drug-free school zone. Petitioner entered a negotiated plea agreement in which he pled guilty to possession of more than .5 grams of cocaine for resale in exchange for a twenty-year sentence to be served as a Range I, standard offender. Petitioner subsequently filed a petition for post-conviction relief in which he alleged that trial counsel was ineffective. After a hearing, the post-conviction court denied relief. Petitioner appeals. After a review, we determine that Petitioner has failed to show clear and convincing evidence that he received ineffective assistance of counsel. Further, we determine that Petitioner has failed to show that his guilty plea was involuntarily or unknowingly entered. As a result, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

William E. Griffith, Nashville, Tennessee, for the appellant, Selwyn Forbes George.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Rachel Sobrero, Assistant District Attorney General, for the appellant, State of Tennessee.

**OPINION**

*Factual Background*

Petitioner was indicted in October of 2009 by the Davidson County Grand Jury for possession of more than .5 grams of cocaine with the intent to sell or deliver within a drug-free school zone in violation of Tennessee Code Annotated section 39-17-417.

On May 23, 2011, Petitioner entered a guilty plea to one count of possession of more than .5 grams of cocaine for resale. As a result of the negotiated plea agreement, Petitioner would receive a sentence of twenty years to be served as a Range I, standard offender with a release eligibility of thirty percent.

At the guilty plea hearing, counsel for the State explained the factual basis for the plea as follows:

> Had this case gone to trial, the State's proof would have shown that on August 6, 2009, detectives with the south crime suppression unit were conducting an investigation based on a telephone call investigating a drug complaint. They went to 100 Gallatin Pike, Apartment 404, and knocked on the door.
>
> At that time, a female opened the door who was not a resident of the home. They asked for a resident of the home and another individual came to the door and allowed them in. That person was the girlfriend of Dennis Hayes. Dennis Hayes was a resident of the apartment as well.
>
> When officers entered, they asked for consent to search. They encountered a Mr. George sitting in an armchair in the corner of the room. Mr. George beg[a]n fidgeting when they walked in the door. They walked over to him and did a weapons check for safety purposes then searched the area where he had been sitting and found tucked between the chair cushion and the side of the chair a baggie containing 13 smaller baggies of what the TBI verified to be crack cocaine. They also found $936 in US currency. Most of this was in $20 bills consistent with narcotic sale.
>
> Mr. George also had two cell phone[s] on him at the time in his pockets. He denied that they were his although one of them had his picture on it. While detectives were investigating, Mr. George's cell phone continued to ring and one of them were answered by Detective Browning. The person on the other end asked for a 20 and Detective Browning told that person to come and get it.

A short time later, that person knocked on the door at apartment 404 . . . in attempt to purchase $20 worth of crack cocaine. That person had a $20 bill in [h]is pocket and when Detectives asked if - - he cooperated with detectives, they had that person's phone - - his name was John McCowsky, I believe. They took Mr. McCowsky's phone and dialed the last number that had been dialed from his phone and it rang to Mr. George's phone.

Meanwhile as other detectives were processing the apartment they found Mr. Hayes asleep in his bedroom. When they explained to him why they were there, after he was Mirandized, he told Detectives that he was aware that Mr. George periodically came to his house to sell drugs and that he received some drugs in exchange for allowing Mr. George to sell drugs out of that apartment.

After the recitation of the facts, Petitioner stated under oath that he understood the charges against him, and that his attorney discussed the charges and punishment. Petitioner also indicated that he understood the possible sentence he could face if he went to trial and understood the sentence he was receiving. Petitioner testified that he was satisfied with counsel's representation and that entering the guilty plea was his own decision. Trial counsel informed Petitioner of the charges, the possible punishment, and the punishment he would receive as a result of the guilty plea. The trial court also outlined the constitutional rights Petitioner was relinquishing by pleading guilty. The guilty plea was accepted by the trial court.

Subsequently, Petitioner filed a pro se petition for post-conviction relief in which he alleged that he received ineffective assistance of counsel and that his guilty plea was involuntarily and unknowingly entered. Counsel was appointed and an amended petition was filed.

The post-conviction court held a hearing on the amended petition for post-conviction relief. At the hearing, Petitioner testified that trial counsel failed to file a motion to suppress. Petitioner disagreed with trial counsel's assessment of the facts. Trial counsel told Petitioner that he did not have an expectation of privacy in the apartment so a challenge to the search would be fruitless. Petitioner believed that he had standing to contest the search because he had stayed at the residence overnight and off and on. Petitioner also claimed that trial counsel failed to adequately interview witnesses to the arrest. As to the guilty plea, Petitioner thought that he should have received between eight and twelve years because he had no prior felonies. At the post-conviction hearing, Petitioner contradicted his sworn testimony at the plea hearing, claiming that he did not entirely understand the consequences of the plea.

Trial counsel testified that he has practiced law since the fall of 2004 and handles about eighty percent criminal cases in his practice. Trial counsel insisted that he had extensive discussions with Petitioner about the potential punishment. Trial counsel explained the sentencing range and informed Petitioner that he was not guaranteed to get parole. Trial counsel also told Petitioner that he could receive a longer sentence if he were to go to trial.

Trial counsel explained that Petitioner received another felony drug charge while on bond for this case. Petitioner retained trial counsel to represent him on the additional charges. At first, the State offered a "package deal" wherein Petitioner would plead to eight years on each count in exchange for two guilty pleas. Petitioner wanted to wait to see discovery in the second case. The State withdrew the offer before Petitioner decided to accept it.

Trial counsel testified that the State made the twenty-year offer for the first time on the morning of trial. After communicating the offer to Petitioner, and explaining that the State was willing to drop the school-zone enhancement, Petitioner decided to accept the offer. The State indicated that they would also make an acceptable offer on the second case. Trial counsel and Petitioner had a lengthy discussion prior to the acceptance of the plea.

Trial counsel also recalled that he discussed filing a motion to suppress with Petitioner. In trial counsel's opinion, Petitioner did not have standing to contest the search of the residence. Trial counsel was of the opinion that the motion was unwarranted. Petitioner did not offer any proof to the contrary at the post-conviction hearing.

Trial counsel was aware that Petitioner wanted him to interview several witnesses prior to trial. However, Petitioner failed to provide contact information for the witnesses. Additionally, Petitioner did not present these witnesses at the post-conviction hearing.

At the conclusion of the proof, the post-conviction court denied relief. In a separate order, the post-conviction court recounted the testimony at the post-conviction hearing and determined that Petitioner failed to show that trial counsel was not prepared for the case. Specifically, the post-conviction court accredited the testimony of trial counsel that he reviewed discovery with Petitioner and prepared for the pending trial. The court noted that there was "no other proof presented that showed counsel did not adequately prepare or [that Petitioner suffered] prejudice from the lack of preparation."

Additionally, the post-conviction court determined that trial counsel was not ineffective for failing to file a motion to suppress. Specifically, the court again accredited the testimony of trial counsel that counsel made the determination after research that Petitioner did not have standing to challenge the search. The post-conviction court noted that

Petitioner failed to show clear and convincing evidence to the contrary and failed to show prejudice as a result of the allegation.

With regard to Petitioner's allegation that his guilty plea was unknowing and involuntary, the post-conviction court again accredited the testimony of trial counsel. The court found that trial counsel had "extensive discussions about the potential punishment," "explained the sentencing range," and "did not advise the petitioner that parole was a guarantee." Additionally, the post-conviction court determined that Petitioner was "informed and had sufficient knowledge of the nature and consequences of the plea and that he voluntarily chose to enter the guilty plea as evidenced by the transcript of the plea."

As a result of those findings, the post-conviction court dismissed the petition. Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner argues that the post-conviction court improperly dismissed the petition. Specifically, he insists that trial counsel was ineffective for failing to file a motion to suppress and that his guilty plea was involuntarily and unknowingly entered because he was not aware of the consequences of the plea. The State disagrees, arguing that the evidence does not preponderate against the findings of the post-conviction court.

*Post-conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing by clear and convincing evidence that

"(a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial." *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996); *see also* T.C.A. § 40-30-110(f). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that the issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . .; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, Petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, Petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, Petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. 466 U.S. 668, 694 (1984). However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

On appeal, Petitioner argues that trial counsel was deficient because he did not file a motion to suppress and failed to investigate witnesses in preparation for trial. Specifically, Petitioner insists that he has standing to challenge the search. Further, Petitioner claims that trial counsel failed to explain that he was pleading outside the range of punishment and was not guaranteed parole. Petitioner claims that had he known these things he would not have pled guilty and would have insisted on going to trial.

With regard to the motion to suppress issue, the post-conviction court accredited the testimony of trial counsel. Trial counsel stated that after reviewing the issue, he did not find that Petitioner had standing to challenge the search warrant as he had no right to privacy in the apartment where he was not a permanent resident. Again, this Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins*, 911 S.W.2d at 347.

With regard to interviewing and investigating other witnesses, the post-conviction court again accredited the testimony of trial counsel who testified that Petitioner failed to give trial counsel the specific names and contact information for such witnesses. The post-conviction court noted that trial counsel discussed trial strategy with Petitioner prior to the scheduled trial date. Additionally, the post-conviction court concluded that Petitioner was unable to prove, by clear and convincing evidence, that trial counsel was ineffective. The evidence does not preponderate against the judgment of the post-conviction court.

Petitioner has failed to show that but for trial counsel's alleged deficiencies, he would have refused to plead guilty and insisted on going to trial. Petitioner testified at the post-conviction hearing that he was shown the discovery materials. However, he claimed at the post-conviction hearing, contrary to his testimony at the plea hearing, that he was unaware of the consequences of his guilty plea and that trial counsel did not fully explain that he was pleading outside the range of punishment.

Petitioner has not proven that trial counsel's representation was deficient or that he would not have pled guilty without the alleged errors and gone to trial. Petitioner stated himself at the guilty plea hearing that he was satisfied with the representation from trial counsel. It is up to the trial court to determine credibility of witnesses and the post-conviction court's findings have the weight of a jury verdict. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). Therefore, Petitioner has not met either prong under *Strickland*.

*Guilty Plea*

Petitioner also argues that the post-conviction court erred in dismissing his petition because he entered his plea unknowingly and involuntarily. The State disagrees.

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the State standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977), *superceded on other grounds by* Tenn. R. Crim. P. 37(b) and Tenn. R. App. P. 3(b). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. 395 U.S. at 242; *see Pettus*, 986 S.W.2d at 542. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowing guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. 553 S.W.2d at 340; *see Pettus*, 986 S.W.2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S .W.2d at 904.

Petitioner argues that his guilty plea was entered unknowingly because he did not fully understand the consequences of the guilty plea. The post-conviction court determined that Petitioner knowingly and voluntarily entered the guilty plea after learning about the consequences of the plea from trial counsel and reviewing the consequences with the trial court. This Court, therefore, finds that the Petitioner failed to establish, by clear and convincing evidence, that the plea was entered unknowingly or involuntarily.

As stated above, post-conviction court's factual findings are given a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. We have found nothing in the record to preponderate against the post-conviction court's findings. Petitioner has failed to prove that trial counsel did not discuss the plea with Petitioner prior to its entry.

The transcript of the guilty plea hearing reflects that the trial court discussed the ramifications of the guilty plea with Petitioner. The trial court thoroughly questioned Petitioner to ascertain whether he understood the effects of the plea. The plea hearing also indicates that Petitioner knew what he was doing, understood the plea, and agreed that it was what he wanted to do to resolve the case. Petitioner has failed to show by clear and

convincing evidence that he received ineffective assistance of counsel or that his guilty plea was involuntary. Moreover, Petitioner has failed to prove he did not understand the consequences of his plea.

*CONCLUSION*

For the foregoing reasons, we affirm the denial of Petitioner's petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE